UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| G. S., a minor below the age of 18, by her father and natural guardian, MORRIS S., | Docket no. 15 Civ. 3086 (____) |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| CONGREGATION LEV BAIS YAAKOV d/b/a LEV BAIS YAAKOV HIGH SCHOOL; RIVKA ORATZ; and SHMIEL DEUTSCH, a/k/a SAM DEUTSCH, | **Jury Trial Demanded** |
| Defendants. | |

-------------------------------------------------------------------X

Plaintiff, complaining of the defendant, by her attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for her complaint as follows:

## INTRODUCTION

1. The plaintiff was a student at the defendant high school. The principal, Mrs. Rivka Oratz, claimed that a mother had called and said that her son had received a naked photograph of the plaintiff on his phone. Neither Mrs. Oratz nor the Executive Director of the school, Shmiel Deutsch, ever saw the purported naked photograph. Moreover, the school now claims that Mrs. Oratz "doesn't remember" the name of the mother who called about the naked photograph. The school took no steps to investigate the allegation. Initially Deutsch and Oratz lied and said they conducted an investigation, later they admitted there was no investigation. Instead, the school expelled the plaintiff, and made sure to send the mothers of students in her class an email alerting them to the plaintiff having a "very serious" problem with her "reputation."

2. In actual fact, there was no such naked picture, and the plaintiff G. S. had never sent a naked picture to anyone. The entire story was false and a fabrication.

3. Even if the story had been true, the defendants as educators should have worked to help the plaintiff and educate her, gently instructing her of the errors of her ways and the problems she was creating for herself, rather than expelling her from the school and excising her from the sphere of their responsibility like an excised tumor. If the story had been true, it would have meant that the plaintiff was deeply in need of gentle help and guidance, not public humiliation, stigma, and being thrown overboard as jetsam. Holding themselves out as educators committed to the maxim of loving one's neighbor as oneself, and of each member of the community being responsible for one another, the defendants' actions are abhorrent and indefensible.

4. Stigmatized by the defendants' actions, the plaintiff suffered great humiliation and distress, was forced to move to Virginia to attend school at a religious boarding school for girls who have behavioral issues, and will have to live with the stigma of having been branded an untouchable in her tightknit community for the foreseeable future.

5. Plaintiff seeks to recover for her damages, and bring the defendants' conduct before a court so that the defendants' actions will be known and the defendants will be discouraged from mistreating other children in the same way.

### **THE PARTIES**

6. At all times mentioned herein, the plaintiff, G. S. is a minor under the age of 18.

7. At all times mentioned herein, the plaintiff, G. S. is a citizen and resident of the State of Virginia.

8. At all times mentioned herein, the plaintiff MORRIS S. is the father and natural guardian of the minor plaintiff G. S.

9. Upon information and belief, the defendant Congregation Lev Bais Yaakov is a religious corporation organized and existing under the laws of the State of New York.

10. Upon information and belief, the defendant Congregation Lev Bais Yaakov does business under the name and style "Lev Bais Yaakov High School."

11. Upon information and belief, the defendant Congregation Lev Bais Yaakov operates a high school at 3574 Nostrand Avenue, Brooklyn, New York.

12. Upon information and belief, the defendant RIVKA ORATZ is a citizen and resident of the City and State of New York, County of Kings.

13. Upon information and belief, the defendant RIVKA ORATZ is the principal of Lev Bais Yaakov High School, and holds herself out as possessing the skills and training required for that position.

14. Upon information and belief, the defendant SHMIEL DEUTSCH is a citizen and resident of the City and State of New York, County of Kings.

15. Upon information and belief, the defendant SHMIEL DEUTSCH holds himself out as a "Rabbi," but upon information and belief he holds no rabbinical ordination.

16. Upon information and belief, the defendant SHMIEL DEUTSCH is the Executive Director of Lev Bais Yaakov High School, and holds himself out as possessing the skills and training required for that position.

**JURISDICTION AND VENUE**

17. This Court has jurisdiction over this matter pursuant to 28 USC § 1332 based on diversity of citizenship between the plaintiff and the defendants.

18. Venue is properly placed in this court since a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE UNDERLYING FACTS

19. Plaintiff G. S. was a student at Lev Bais Yaakov High School during academic year 2013-2014.

20. On or about December 4, 2013, plaintiff G. S.'s parents were called in for a meeting with the defendant ORATZ and DEUTSCH.

21. At the aforementioned meeting, the defendant ORATZ informed them that ORATZ had allegedly received a telephone call from a mother of a boy who had allegedly received a text message from G. S. including a naked photograph of G. S.

22. G. S.'s parents asked to see the photograph; that request was denied by Oratz and Deutsch.

23. G. S.'s parents asked whether anyone in the school administration had seen the photograph. They were told by Oratz and Deutsch that nobody had seen the photograph.

24. G. S.'s parents asked whether any investigation had been done and were told by Oratz and Deutsch that the school had investigated.

25. Later, the defendants claimed that there actually was no investigation at all.

26. The defendants refused to identify the boy or the mother who had allegedly called.

27. As a result of this allegation that G. S. had allegedly sent a naked picture of herself to an unnamed boy, the defendants expelled G. S. from Lev Bais Yaakov High School.

28. In actual fact, there was no naked picture, and G. S. had never sent a naked picture of herself to any such boy, or anyone else. The entire story was false.

29. Thereafter, the defendants emailed a group of mothers in the school and informed them that G. S. had been expelled.

30. After the expulsion, the defendants stated that they "did not remember" who the mother was who called in the allegation.

31. After the expulsion, G. S. was without a school, and was unable to find a suitable school in the New York area that would accept her mid-year.

32. As a result, G. S. had no choice but to move to Virginia and attend school there at a far inferior school that at least would accept her after the stigma placed upon her in New York by the defendants' actions.

33. As a result of being expelled mid-year from Lev Bais Yaakov High School, the plaintiff was caused to suffer serious and permanent injuries in that: she was required to move to Virginia and be separated from her family; was embarrassed and humiliated; was subjected to ridicule; suffered severe emotional distress; required psychological counseling; suffered degradation and invasion of privacy; indignity; mental anguish and distress; pain and suffering; and plaintiff has been otherwise damaged; all of these injuries are permanent in nature and continuing into the future.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Negligence)

34. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

35. The defendants were reckless, careless, and negligent in: failing to properly investigate the claim that the plaintiff G. S. had sent a naked picture of herself to a boy; in conducting a botched, unprofessional, ineffectual, and incompetent investigation; failing to take proper notes; failing to comport themselves to the standards of their profession as educators;

failing to follow proper procedures; failing to comport themselves to all applicable statutes, laws, rules and regulations; failing to have efficient and sufficient personnel; failing to use common sense; failing to seek or obtain verification before harming the plaintiff; failing to see what should be seen; failing to consult with appropriate professional advisors, such as psychologists, clergy, or social workers, before taking action; acting excessively, extremely, and wantonly; and the defendants were otherwise reckless, careless and negligent.

36. By reason of the foregoing, the plaintiff is entitled to recover from the defendants pursuant the full extent of her damages, in an amount to be determined by the jury at trial.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Defamation)

37. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

38. The defendants sent at least one email to multiple parents of students in G. S.'s class informing them that G. S. "has been asked to leave unfortunately for a very serious reason" that required her "to protect her reputation."

39. In fact, there was no truth to these statements and the defendants acted either intentionally, or recklessly, carelessly, and negligently, in publishing them.

40. The plaintiff was expelled from the Lev Bais Yaakov High School based on a fictional, false and fabricated claim of a naked picture, which did not, and never did exist.

41. By emailing their false claims, the defendants published their defamatory statements to third parties without any authorization or privilege.

42. The defendants further published their defamatory statements without any authorization or privilege by, upon information and belief, informing other schools of the false

allegation against plaintiff, thus blacklisting her and preventing her from being accepted to any other school.

43. The plaintiff G. S. has suffered special damages in that she has missed months of school, has been unable to find an appropriate school in New York, has had to undergo counseling, has suffered severe emotional damages, embarrassment, and plaintiff has been otherwise specially damaged.

44. The defendants' defamatory statements also constitute defamation *per se,* as to which no allegation of special damages is required.

45. By reason of the foregoing, the plaintiff is entitled to recover from the defendants pursuant the full extent of her damages, in an amount to be determined by the jury at trial.

### AS AND FOR A THIRD CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress)**

46. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

47. Upon information and belief, the defendants fabricated the story that a call had been received from a mother whose son had received a naked picture of the plaintiff G. S.

48. Such conduct constitutes extreme and outrageous conduct.

49. Upon information and belief, the defendants acted with intent to cause, or disregard of a substantial probability of causing, severe emotional distress to the plaintiff G. S. when they engaged in such fabrication.

50. As a result of the defendants' fabrication of a false story the story that a call had been received from a mother whose son had received a naked picture of the plaintiff G. S., the plaintiff has been caused to suffer severe emotional distress, as alleged above.

51. By reason of the foregoing, the plaintiff is entitled to recover from the defendants pursuant the full extent of her damages, in an amount to be determined by the jury at trial.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (Prima Facie Tort)

52. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

53. Upon information and belief, the defendants intentionally falsified a claim against the plaintiff G. S., knowing that falsely accusing her of sending a naked picture of herself to a boy would cause her severe harm.

54. As a result of the defendants' conduct, the plaintiff G. S. suffered damages, as alleged above.

55. There is no excuse or justification for the defendant's conduct.

56. Upon information and belief, the defendants acted out of malevolence.

57. By reason of the foregoing, the plaintiff is entitled to recover from the defendants pursuant the full extent of her damages, in an amount to be determined by the jury at trial.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (Breach of Contract)

58. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

59. There was a contract in effect between the defendant Congregation Lev Bais Yaakov and the plaintiff and/or her parents.

60. Plaintiff was an intended beneficiary of the aforementioned contract.

61. The contract required that the defendants act toward the plaintiff in good faith and fair dealing.

62. The contract further provided that the defendants would provide educational services for a full year to the plaintiff, and would not expel her for false and fabricated reasons, and on the basis of claims that are not substantiated and have not been competently investigated.

63. The defendants breached the aforementioned contract.

64. By reason of the defendants' breach, the plaintiff was damaged as alleged herein.

65. Plaintiff is also entitled to a refund of her tuition payments.

66. By reason of the foregoing, the plaintiff is entitled to recover from the defendants pursuant the full extent of her damages, in an amount to be determined by the jury at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: Brooklyn, New York
May 27, 2015

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiff*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627